IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00627-WDM

DEBORAH BATCHELDER,

     Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

---

## ORDER ON MOTION FOR ATTORNEYS' FEES

---

Miller, J.

This matter is before me on Plaintiff's Unopposed Motion for Attorney's Fees Under

42 U.S.C. § 406(b) (ECF No. 34). For the reasons that follow, the motion will be granted.

<u>Background</u>

Plaintiff appealed the denial of her application for disability insurance benefits by

Defendant Commissioner of Social Security. I entered an order on August 19, 2008 (ECF

No. 30) reversing and remanding the Commissioner's decision based on my conclusion

that the decision of the administrative law judge ("ALJ") was not based on substantial

evidence. After remand, the ALJ issued a fully favorable decision on March 3, 2010.

Plaintiff was awarded $33,882.00 in past due benefits for the period of December 2006 to

August 2010. Nov. 27, 2010 Notice of Award, Exh. 1 to Pl.'s Mot. for Atty Fees, ECF No.

34-1.

Plaintiff's counsel was awarded fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412, for fees incurred in appealing the case to this court in the stipulated amount of $4,414.75. See Sept. 2, 2008 Order for Attorney Fees (ECF No. 33). The Notice of Award indicates that 25% of the award, *i.e.*, $8,470, has been withheld for attorney's fees. Plaintiff now seeks to have this amount awarded to her attorney pursuant to section 406(b) and a contingency fee agreement. Plaintiff's attorney also agrees to refund the lesser amount of the EAJA award and section 406(b) award to Plaintiff, in accordance with *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

## Discussion

42 U.S.C. § 406(b) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

Plaintiff entered into a contingent fee agreement with her attorney on or around March 20, 2007. Exh. 3 to Pl.'s Mot. for Atty Fees, ECF No. 34-3. That agreement provided that the attorney would receive as a fee an amount equal to 25% of any past-due benefits awarded to the client.

Plaintiff cites in the motion factors that I may consider in determining reasonableness of a fee award, including the time, labor and skill required to perform the legal services, the amount involved and results obtained, and the experience, reputation, and ability of the attorney. *Faircloth v. Barnhart,* 398 F. Supp. 2d 1169, 1172 (D. Conn. 1999). Plaintiff's attorney also provides a breakdown of time spent on the various aspects of the case. Exh. 2 to Pl.'s Mot. for Atty fees, ECF No. 34-2. I have reviewed the time entries and considered

2

the factors discussed above and conclude that the requested fee is reasonable.

Accordingly, it is ordered:

1.      Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b)

(ECF No. 34) is granted.

2.      Plaintiff's attorney is awarded $8,470 in fees, to be paid from Plaintiff's past

due benefits, under 42 U.S.C. § 406(b).  Plaintiff's attorney shall refund to

Plaintiff the previously awarded EAJA fees of $4,414.75.

DATED at Denver, Colorado, on February 24, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge